IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONY JOE BOBBITT, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-576-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Tony Joe Bobbitt, #1064395, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

Respondent Nathaniel Quarterman is the Director of TDCJ.

C. FACTUAL AND PROCEDURAL HISTORY

On July 15, 1999, pursuant to a plea bargain agreement, Bobbitt pled guilty to felony driving while intoxicated in cause number F33194 in the 18th Judicial District Court of Johnson County,

Texas, and was placed on community supervision for ten years. (State Habeas R. at 4-12.) His community supervision was revoked on April 28, 2004, and the trial court assessed his punishment at six years' confinement. (*Id.* at 57-60.) Although eligible, on April 5, 2006, the Texas Board of Pardons and Paroles (the Board) denied Bobbitt release to mandatory supervision pursuant to § 508.149(b).[1] (*Id.* at 64.) Bobbitt's next review date was set for April 2007. (*Id.*) Bobbitt sought state habeas relief to no avail. *Ex parte Bobbitt*, Application No. 65,259-01, at cover. Bobbitt filed this federal petition for writ of habeas corpus on August 12, 2006.[2]

## D. ISSUES

Bobbitt claims the Board has violated his right to due process by denying his release to parole and/or mandatory supervision even though he has met the necessary standards of eligibility. (Petition at 7; Pet'r Memorandum at 3.)

## E. EXHAUSTION

Although Quarterman does not address the issue of exhaustion, it appears Bobbitt has sufficiently exhausted his state court remedies as required by § 2254(b)(1)(A).

---

[1] Section 508.149(b) provides:

    (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
        (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and

        (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b).

[2] A pro se habeas petition is considered filed when the petition is delivered to the prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

F. DISCUSSION

Bobbitt claims that he is eligible for and has a protected constitutional liberty interest in release to parole and/or mandatory supervision and that by denying his release the Board has improperly "revoked" his good time credits.

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). Liberty interests emanate from either the Due Process Clause itself or from state law. *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of Bobbitt's sentence must arise from state law.

It is well settled that Texas parole laws do not create a constitutional expectancy of early release on parole, because parole is within the total and unfettered discretion of the state. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Nor does the fact that Bobbitt is confined in a pre-parole release facility entitle him to the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972) (providing minimum due process requirements in a parole revocation case). Texas's pre-parole program is not "a kind of parole" as envisioned by *Morrissey*. *See Patterson v. Cockrell*, No. 4:02-CV-511-Y, 2002 WL 32509028, at *4-5 (N.D. Tex. Oct. 24, 2002) (not designated for publication). *Compare Young v. Harper*, 520 U.S. 143, 152-53 (1997) (holding that due to nature of Oklahoma's pre-parole program it was a "kind of parole").

On the other hand, the Fifth Circuit has recently determined that the Texas mandatory

3

supervision scheme does create a constitutional expectancy of early release entitled to due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the protected liberty interest created by the statute, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

On January 2, 2006, Bobbitt was notified that the Board would initially review his file for discretionary mandatory supervision release thirty days before his projected release date of May 1, 2006. (State Habeas R. at 63.) He was informed that if he wished to submit any additional information, he should do so in writing before March 17, 2006, to the Parole Division. (*Id.*) Thereafter, on April 6, 2006, the Board decided to deny Bobbitt mandatory supervision release and notified him of its decision, the reasons for its decision, and that his case would be reviewed again in April 2007.[3] (*Id.* at 64.) Accordingly, as a matter of state and constitutional law, Bobbitt was

---

[3]The Board cited the following reasons for its denial: (1) the record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for
(continued...)

4

afforded all the due process he was entitled. His claim that, by denying release to parole and/or mandatory supervision, the Board has improperly "revoked" his good time credits is not supported by the record, which reflects that he has lost no good or work time credits. (Resp't Answer, Exhibit A.)

Notwithstanding his good behavior in prison, Bobbitt has not demonstrated that the Board's decision was contrary to clearly established federal law or otherwise unreasonable in light of his two previous convictions for driving while intoxicated. Thus, the court must defer to the state court's adjudication of Bobbitt's claims. 28 U.S.C. § 2254(d).

## II. RECOMMENDATION

Bobbitt's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 20, 2007. Failure to file specific written objections within the

---

[3](...continued)
rehabilitation; (2) the record indicates that the inmate's release would endanger the public; (3) the record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; and (4) the record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration. (State Habeas R. at 64.)

5

specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 20, 2007, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 30, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE