IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 3 1 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

TONY JOE BOBBITT, §
§
    Petitioner, §
§
VS. § NO. 4:06-CV-576-A
§
NATHANIEL QUARTERMAN, §
Director, Texas Department §
of Criminal Justice, §
Correctional Institutions §
Division, §
§
    Respondent. §

## O R D E R

Came on for consideration the above-captioned action wherein Tony Joe Bobbitt ("Bobbitt") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 30, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by August 20, 2007. Bobbitt timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or

conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Bobbitt filed his federal petition for writ of habeas corpus in this court on August 21, 2006, pursuant to 28 U.S.C. § 2254. Bobbitt claimed that the Texas Board of Pardons and Paroles (the "Board"), in denying his release to mandatory supervision pursuant to section 508.149(b) of the Texas Government Code, violated his right to due process, effectively revoking his good conduct time credit.[1] The magistrate judge, citing both federal and Texas case law, determined that Bobbitt had been afforded all the due process to which he was entitled. Bobbitt does not object to these findings as they specifically relate to his case; rather, he seems to generally object that section 508.149(b) of the Texas Government Code and the case law interpreting the Texas mandatory supervision scheme do not adequately provide due process of law.

In his objections, petitioner merely regurgitates his original complaints generally concerning due process under the Texas mandatory supervision scheme. He makes no specific objection to the ultimate finding by the magistrate judge. The court accepts the findings, conclusions, and recommendation of the magistrate judge on this basis.

---

[1] Bobbitt's claim that the Board has revoked his good-time credit is unsupported by the record, which indicates he has lost no good-time or work-time credits.

2

Even if Bobbitt's objections were particular enough to consider the specifics of his case, the result would be the same. A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). Therefore if Bobbitt has any protected liberty interest in release prior to the expiration of his sentence, it must arise under state law. See Thompson v. Cockrell, 263 F.3d 423, 425 (5th Cir. 2001) ("Liberty interests emanate from either the Due Process Clause itself or from state law."). "[T]here is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State." Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007). However, the Fifth Circuit recently determined that the Texas mandatory supervision scheme does create a constitutional expectancy of early release entitled to due process protection. Id. at 776-77 (extending the constitutional expectancy of early release to the mandatory supervision scheme in place after September 1, 1996). See also Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000) (recognizing the constitutional expectancy of early release created by Texas's mandatory supervision scheme in place prior to September 1, 1996).

The Texas Court of Criminal Appeals has defined the procedural due process considerations to which a prisoner is entitled under the Texas mandatory supervision scheme, and in

3

particular section 508.149(b), which allows for the discretionary denial of release to mandatory supervision. See Ex parte Geiken, 28 S.W.3d, 553, 558-60 (Tex. Crim. App. 2000). See also Ex parte Ratzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). These considerations consist of notice to the prisoner of the month and year in which he will be considered for mandatory supervision release and a meaningful opportunity to be heard concerning the possibility of release. Ex parte Ratzlaff, 135 S.W.3d at 50; Ex parte Geiken, 28 S.W.3d at 559-60. A meaningful opportunity to be heard consists of an inmate's ability to "tender or have tendered to the Board on their behalf information in support of release." Ex parte Geiken, 28 S.W.3d at 560. "If release is denied, the inmate must be informed in what respects he falls short of qualifying for early release." Id.

In denying Bobbitt's mandatory supervision release the Board fulfilled the due process requirements created by his liberty interest in such release. The Board sent Bobbitt notice of the month and year in which his file was being reviewed for release and gave him an opportunity to submit additional information that he wanted the Board to consider. Further, when the Board actually denied Bobbitt's release on April 6, 2006, he was notified of the reasons for the decision and that his case would be reviewed again in April 2007. Thus, Bobbit's claims that the Board's conduct violated his due process rights are without merit.

Therefore,

4

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED August 31, 2007.

_____
JOHN McBRYDE
United States District Judge